NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABEL RODRIGUEZ LOPEZ, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 22-1248 Agency No. A089-751-112 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2025[**]
Pasadena, California

Before: BYBEE, LEE, and DE ALBA, Circuit Judges.

Petitioner Abel Rodriguez Lopez, a native and citizen of Mexico, seeks review

of a decision from the Board of Immigration appeals (BIA) dismissing his appeal of

the Immigration Judge's (IJ) denial of his applications for cancellation of removal,

asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions."  *Smith v. Garland*, 103 F.4th 663, 666 (9th Cir. 2024) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)).  In doing so, we review the agency's factual determinations for "substantial evidence" and legal questions "de novo."  *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013); *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002 (9th Cir. 2025).  We also review de novo due process violations.  *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir. 2000).

1.  Substantial evidence supports the BIA's determination that Rodriguez Lopez failed to establish that his removal would result in exceptional and extremely unusual hardship to his U.S. citizen daughter. [1]  An applicant may qualify for cancellation of removal if he can show that his removal will result in "exceptional and extremely unusual hardship" to a United States citizen or lawful permanent resident spouse, parent, or child.  *Gonzalez-Juarez*, 137 F.4th at 999.

---

[1] The government initially argued that this court lacks jurisdiction to review the BIA's hardship determination, but withdrew the argument after the U.S. Supreme Court's decision in *Wilkinson v. Garland*.  *See* 601 U.S. 209, 212, 225 & n.4 (2024) (concluding this court has jurisdiction to review the BIA's hardship determination as a mixed question of law and fact under 8 U.S.C. § 1252(a)(2)(D)).

22-1248

Here, we find no merit to Rodriguez Lopez's argument that the IJ "disregarded" documents or testimony about his ability to support his U.S. citizen daughter from Mexico or that the IJ "failed to lend sufficient weight to the evidence." The IJ expressly considered that Rodriguez Lopez's removal "would exact a significant financial impact" given the "economic conditions in Mexico." It acknowledged that although Rodriguez Lopez would probably be able to "find employment" in Mexico, "[a]uthorative background information" shows it "can be difficult to earn a living wage" and his "income would be significantly reduced." It also noted that his removal could result in a "protracted separation" from his daughter and noted the "emotional impact" this would have. These are "sadly common hardships that can result when an alien parent is removed" and do not compel a finding of exceptional and extremely unusual hardship. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005).

We also find no merit to Rodriguez Lopez's argument that the agency disregarded evidence that "his daughter could not safely accompany him" to Mexico. The IJ acknowledged the possibility that Rodriguez Lopez's wife might at some future date "be required to return to Mexico" and speculated that under such circumstances Rodriguez Lopez's daughter might also "be forced to relocate there as well." But Rodriguez Lopez testified that he expected his then-15-year-old daughter would remain in the United States with his wife if he were removed, a

position he appears to maintain on appeal. The record shows that the IJ "discussed all evidence that was highly probative or potentially dispositive" within the context of Rodriguez Lopez's representation that his daughter would remain in the United States. *Gonzalez-Juarez*, 137 F.4th at 1008. For this reason, Rodriguez Lopez's cursory due process argument also fails. *See Larita-Martinez*, 220 F.3d at 1095 (noting a due process violation may exist when the agency fails to consider certain evidence).

2. Substantial evidence supports the agency's denial of asylum and withholding or removal. To qualify for asylum or withholding of removal, an applicant must demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b); *Zehatye v. Gonzales*, 453 F.3d 1182, 1185, 1190 (9th Cir. 2006) (comparing standards for asylum and withholding of removal).

Here, substantial evidence supports the agency's conclusion that the robbery Rodriguez Lopez experienced in Mexico in 1994, in which assailants "took [his] money" and "scratched [him] a little bit," does not rise to the level of past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)).

Substantial evidence also supports the BIA's conclusion that Rodriguez Lopez

is not eligible for asylum or withholding of removal because he failed to establish a "nexus" between the harm he suffered or fears of future persecution and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). In addition to testifying about the time he was robbed, Rodriguez Lopez testified that his cousin was assaulted in 2010 by assailants who were trying to "show who was the strongest or biggest," and that an uncle was forced to close a taco stand he ran due to extortion. He also testified that a friend visiting Mexico from the United States was stopped by gang members who took the friend's money and truck and raped the friend's daughter. But substantial evidence supports the agency's conclusion that Rodriguez Lopez failed to show that any of these attacks were motivated "on account of" a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Further, substantial evidence supports the BIA's conclusion that Rodriguez Lopez failed to show that any future actor may be motivated in part to harm him based on a protected ground.

3. Substantial evidence supports the BIA's determination that Rodriguez Lopez failed to establish he is eligible for protection under CAT. "To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (quoting 8 C.F.R. § 1208.16(c)(2)). "In addition, the petitioner must demonstrate that he would be subject to a *particularized threat* of torture, and that

such torture would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curium) (citations and internal quotation marks omitted). The evidence in the record here, including Rodriguez Lopez's testimony about the harms he and others have experienced in Mexico, does not compel a finding that Rodriguez Lopez would more likely than not be tortured by or with the acquiescence of a public official if he were removed to Mexico. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

**PETITION DENIED.**